IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAWN FRYE, S05313, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) ) Case No. 24-cv-2514-DWD |
| LATOYA HUGHES, ET AL., | ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On April 14, 2025, Plaintiff Shawn Frye filed a Motion for a Preliminary Injunction in this pro se civil rights case concerning his current confinement at Pinckneyville Correctional Center (Pinckneyville). (Doc. 46). His lawsuit focuses on the conditions of his confinement from August 27, 2024, through October 3, 2024. (Doc. 8 at 4). Service of process has been completed, and Defendants have an answer deadline of May 7, 2025.

The operative claims in this lawsuit are as follows:

**Claim 1:** Eighth Amendment conditions of confinement claim against Defendants Russell, Thompson, Haney, Holder, Spiller, Newton, Jockich, Minton, Thies, Nippe, Miler, Spencer, Cole, and Corrasco for refusing to provide cleaning supplies or other solutions for Plaintiff's cell from August 27, 2024, through October 3, 2024;

**Claim 2:** Eighth Amendment conditions of confinement or deliberate indifference claim against Defendants Barwick and Hughes for failing to investigate or remediate Plaintiff's cell conditions despite detailed notice of the problems he encountered.

(Doc. 8).

In the Motion for Preliminary Injunction, Plaintiff re-presents allegations from his complaint about numerous instances over the years at Pinckneyville when he alleges he has been housed in filthy cells and has been denied access to all cleaning supplies. He asserts that most recently, from March 20, 2025, through April 11, 2025 (the date he drafted the motion), he has been housed in cell 51 with no access to cleaning supplies. He alleges he has asked Officer Hungate, and other first and second shift officers for cleaning supplies to no avail. (Doc. 46 at 8). He has also asked for gallery porters to clean his cell and has been denied. He claims that the staff does not adhere to the cell-cleaning schedule at Pinckneyville, and individuals at the prison are frequently denied proper opportunities or supplies to clean. He further alleges that as a Muslim, the filth is a problem for him because he cannot properly practice Islam in a filthy setting. His current cell has feces and other human waste on the walls. He has informed officers that this impedes his religion but has still been denied cleaning supplies. (Doc. 46 at 9). Plaintiff further alleges he has two large boils under his arms, which he attributes to dirty cell conditions. He has asked for medical attention but has not yet been seen. He claims that in light of these conditions, there are excessive risks to his health and safety. (Doc. 46 at 9).

In addition to the factual allegations, Plaintiff included a memorandum of law supporting his position, and evidence, such as grievances and affidavits from fellow inmates. Most of these materials were filed with his original complaint. One new affidavit from April of 2025 from a fellow inmate indicates that he has never been offered cleaning supplies while in segregation at Pinckneyville. (Doc. 46 at 36).

To seek a preliminary injunction, a plaintiff must establish: a likelihood of success on the merits of his claim; no adequate remedy at law; and, irreparable harm without the injunctive relief.  See Mays v. Dart, 974 F.3d 810, 818 (7th Cir. 2020).  As for the first requirement, the Court must determine whether "plaintiff has any likelihood of success— in other words, a greater than negligible chance of winning."  AM General Corp. v. DaimlerChrysler Corp., 311 F.3d 796, 804 (7th Cir. 2002).  "A movant's likelihood of success on the merits must be strong."  Tully v. Okeson, 977 F.3d 608, 613 (7th Cir. 2020).  A strong showing typically entails a demonstration of how the applicant intends to prove key elements of his case.  Ill. Republican Party v. Pritzker, 973 F.3d 760, 762-63 (7th Cir. 2020); Doe v. University of Southern Indiana, 43 F.4th 784, 791-92 (7th Cir. 2022) (the court is not required to make inferences in the movant's favor when considering preliminary injunctive relief).

The Court must also decide whether an adequate remedy at law exists and whether the plaintiff will suffer irreparable harm without injunctive relief.  Irreparable harm is harm which cannot be repaired.  Graham v. Med. Mut. Of Ohio, 130 F.3d 293, 296 (7th Cir. 1998) ("Irreparable harm is harm which cannot be repaired, retrieved, put down again, atoned for.  The injury must be of a particular nature, so that compensation in money cannot atone for it.").  The Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest."  Id.; Korte v. Sebelius, 735 F.3d 654, 665 (7th Cir. 2013).  "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of

success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665.

An injunction that seeks an affirmative act by the respondent is a mandatory preliminary injunction and should be sparingly issued. *Mays*, 974 F.3d at 818. If injunctive relief is warranted, the Prison Litigation Reform Act provides that the injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Injunctive relief must be related to issues in the underlying lawsuit. *See e.g.*, *Tatum v. Hunter*, Case No. 22-2411 (S.D. Ill. 2023) (Doc. 16) (denying injunctive relief, including a request for a transfer, where the injunctive relief sought was not narrowly tailored and did not align with the claims in the case) *aff'd in Tatum v. Hunter*, Case No. 23-2253 (7th Cir. May 16, 2024); *Daniels v. Dumsdorff, et al.*, Case No. 19-cv-394 (S.D. Ill. 2019).

Although Plaintiff's Motion for a Preliminary Injunction (Doc. 46) complains of a situation similar in character to his original complaint, it relies upon new and recent events. Specifically, his original complaint concerned cell conditions from August 27, 2024, through October 3, 2024 (Doc. 1 at 10, ¶ 14), whereas his preliminary injunction relies on the conditions of a different cell from March 20, 2025, through the filing of his motion (Doc. 46 at 8). In the complaint, he identified numerous defendants whom he asked for cleaning supplies, but in the present motion, he identifies just one new individual by name (Officer Hungate) and refers to others generically as first and second shift officers. These differences are crucial because the Court cannot grant any injunctive

relief that extends beyond the parties to the operative claims or extends beyond the subject matter of the lawsuit. Here, Plaintiff's new allegations concern a new cell placement and new officers. As such, there is no basis to grant injunctive relief in this case concerning these new developments.

Additionally, Plaintiff complains of tangential impacts of his conditions on his ability to observe his religion, and he complains of his need for healthcare for two boils, but he does not have operative claims in this lawsuit about these issues. To seek any relief relative to these problems, he would need to be able to link these problems with operative claims of the same subject matter.

In sum, Plaintiff's Motion for a Preliminary Injunction (Doc. 46) must be **DENIED** because it seeks relief beyond the scope of the claims and parties in this lawsuit.

**IT IS SO ORDERED.**

Dated: April 24, 2025                                /s *David W. Dugan*
                                                                           _____
                                                                           DAVID W. DUGAN
                                                                           United States District Judge