**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **SHAWN FRYE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:24-cv-2514-MAB** |
| | ) | |
| **LATOYA HUGHES, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**BEATTY, Magistrate Judge:**

This matter is before the Court *sua sponte* for case management purposes. Plaintiff Shawn Frye filed this lawsuit, pursuant to 42 U.S.C. § 1983, while he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville") (Doc. 8, pp. 1-2). The Court reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and determined that Plaintiff's complaint successfully stated Eighth Amendment claims against several defendants (*Id.* at 9-10). On June 3, 2025, Plaintiff sought leave to file an amended complaint (Doc. 63), which the Court granted (Doc. 74). Plaintiff then filed his amended complaint on March 9, 2026 (Doc. 75). On July 28, 2026, the Court entered the final scheduling order for this case (Doc. 106).

Not long after the entry of the final scheduling order, Defendants filed a motion to dismiss for lack of prosecution (Doc. 107). In their motion to dismiss, the defendants claimed that, according to the Illinois Department of Corrections individual in custody search tool (https://idoc.illinois.gov/offender/inmatesearch.html), Plaintiff is no longer

in custody of the Illinois Department of Corrections, and Plaintiff failed to update his address with the Court, as required to by the Court's December 17, 2024 Order (Doc. 107, pp. 1-2). On September 21, 2026, the Court entered an Order to Show Cause (Doc. 108). The Court's Order to Show Cause reminded Plaintiff of his continuing obligation to keep the Clerk of Court informed of any change to his address (*Id.*). The Court's Order to Show Cause also directed Plaintiff to respond to the Court's Order by October 21, 2026 with an updated address (*Id.*).[1]

When Plaintiff filed his lawsuit, he was initially advised by the Court of his continuing obligation to keep the Clerk of Court informed of any change to his address (Doc. 4). Plaintiff was further advised that his failure to do so may result in dismissal of his case (*Id.*). Plaintiff was again advised of this obligation in the Court's September 2026 Order to Show Cause (Doc. 108). In that Order, Plaintiff was explicitly warned that if he failed to respond to the Order to Show Cause, this case would be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to manage its docket (*Id.*). *See* FED. R. CIV. P. 41(b). To date, Plaintiff has not filed any type of response or made any effort to otherwise communicate with the Court. Plaintiff's name does not appear when searching by his last name in the Illinois Department of Corrections individual in custody search tool (https://idoc.illinois.gov/offender/inmatesearch.html).

---

[1] The only address the Court had for Plaintiff was Pinckneyville Correctional Center. Accordingly, the Court's Show Cause Order was transmitted to Pinckneyville in the event Pinckneyville had a forwarding address or parole address for Plaintiff (*See* Doc. 108).

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action with prejudice "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or any court order." FED. R. CIV. P. 41(b). "The court should exercise this right sparingly" and should dismiss a case "only when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing" and an explicit warning has been provided to the plaintiff that dismissal is imminent. *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (quoting *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)); *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (quoting *Sharif v. Wellness Intern. Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004)).

Here, Plaintiff has failed to comply with a Court Order to keep his address updated and current with the Court. Additionally, Plaintiff has failed to respond to the Court's Show Cause Order. In fact, Plaintiff has not filed anything with the Court since he filed his amended complaint on March 9, 2026. Accordingly, the Court is left with no other option but to dismiss this case with prejudice.

## CONCLUSION

Consequently, this matter is **DISMISSED with prejudice** pursuant to Rule 41(b) for failure to comply with a Court Order and failure to prosecute. In light of the Court's dismissal under Rule 41(b), Defendants' Motion to Dismiss for Lack of Prosecution (Doc. 107) is rendered **MOOT**. The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: November 2, 2026**

**MARK A. BEATTY**
**United States Magistrate Judge**

## NOTICE

Plaintiff is advised that this is a final decision ending her case in this Court. If Plaintiff wishes to contest this decision, he can appeal to the Seventh Circuit by filing a notice of appeal in the district court *within 30 days* of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). This deadline can be briefly extended upon a motion demonstrating excusable neglect or good cause. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 425 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

Plaintiff also has the option—prior to filing a notice of appeal—of filing a post-judgment motion under Rule 59(e) or Rule 60 asking the undersigned to reconsider the judgment. Any such motion, so long as it is in proper form and timely filed, will stop the clock for filing a notice of appeal until the district court has decided the motion. FED. R. APP. P. 4(a); *Robinson v. Sweeny*, 794 F.3d 782, 783 (7th Cir. 2015). To be "proper," the motion must state the grounds for relief from the adverse judgment. *Robinson*, 794 F.3d at 783.[2] To be timely, the motion must be filed within 28 days of the entry of judgment, and that deadline *cannot* be extended. FED. R. APP. P. 4(a)(4)(A)(iv), (vi); FED. R. CIV. P. 59(b); FED. R. CIV. P. 6(b)(2); *Banister v. Davis*, 590 U.S. 504, 507 (2020). Once the motion is

---

[2] *Accord Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014) (motion will toll time to appeal so long as it contains an identifiable and substantive reason for reconsidering); *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010) (in order to toll time for filing notice of appeal, motion must comply with Rule 7.1(b)(1) and "state with particularity the grounds for seeking the order" and "the relief sought").

ruled on, the 30-day clock to file a notice of appeal will begin anew. *Banister*, 590 U.S. at 508 (citing FED. R. APP. P. 4(a)(4)(A)(iv)).

The current cost of filing an appeal with the Seventh Circuit is $605.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for her prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C).